**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SYRRIA WILLIAMS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. |
| v. | ) ) | |
| AMERISOURCEBERGEN DRUG CORPORATION, | ) ) ) | JURY DEMANDED |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Syrria Williams, individually and on behalf of all other persons similarly situated, known and unknown, through their attorneys, complain against Defendant AmerisourceBergen Drug Corporation ("Defendant"), as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA"), for Defendant's failure to pay Plaintiff and other similarly situated persons all earned regular and overtime pay for all time worked.

2.      Defendant manages, controls and operates customer service call centers within this judicial district and manages and controls the telephone-based customer service representatives who are the putative class members in this lawsuit.

3.      Defendant knowingly required and/or permitted Plaintiff, who worked as a telephone-dedicated customer service representative, and other similarly situated telephone-

dedicated customer service representatives, to perform unpaid work before and after the start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, reading company issued emails and instructions, and completing customer service calls.

4. The amount of uncompensated time Plaintiff and those similarly situated to them spend or have spent on these required and unpaid work activities averages approximately 10 to 15 minutes per day per person.

5. Plaintiff brings her FLSA overtime claim as a collective action pursuant to 29 U.S.C. 216(b) on behalf of telephone dedicated employees who worked for Defendant in the United States. Plaintiff brings her IMWL overtime claims and IWPCA unpaid wage claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Illinois telephone dedicated employees.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over Plaintiff' FLSA claims in this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over all class claims in this action under 28 U.S.C. § 1367.

## THE PARTIES

8. Plaintiff Syrria Williams is an individual who Defendant employed from approximately July 2014 to approximately June 2016 as an hourly, non-exempt telephone dedicated employee in Defendant's call center in Naperville, Illinois. Plaintiff Williams resides in and is domiciled within this judicial district. A copy of Plaintiff's opt-in form is attached hereto as Exhibit 1.

9. Defendant AmerisourceBergen Drug Corporation is a Delaware corporation

qualified to do business in Illinois. Defendant's Illinois registered agent is location in Chicago, Illinois.

10.     AmerisourceBergen Drug Corporation is one of the largest global pharmaceutical sourcing and distribution services companies. Defendant works with healthcare providers and pharmaceutical and biotech manufacturers to provide patient access to healthcare drugs. Defendant partners with global drug manufacturers, healthcare providers and pharmacies and engages in drug product commercialization and distribution. Defendant is a publicly traded company.

11.     Defendant issued paychecks to Plaintiff and the similarly situated employees.

12.     Defendant employed Plaintiff and other similarly situated persons as "employees," as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e), Section 3(d) of the IMWL, 820 ILCS § 105/3(d), and Section 2 of the IWPCA, 820 ILCS § 115/2.

13.     At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated persons, as that term is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d), Section 3(c) of the IMWL, 820 ILCS § 105/3(c), and Section 2 of the IWPCA, 820 ILCS § 115/2.

## FACTUAL ALLEGATIONS

### A.     *Defendant's Practice of Requiring and/or Permitting Telephone-Based Hourly Employees to Work Before the Start of Their Scheduled Shift Time*

14.     Defendant operates and has operated "call centers" in Illinois and elsewhere where telephone-dedicated employees similar to Plaintiff handle phone calls regarding healthcare programs offered by Defendant to its customers.

15.     At its call centers, Defendant required Plaintiff and similarly situated phone-based employees to be ready to handle a call at the start of their scheduled shift times.

3

16.     In order to be ready to handle a call, Plaintiff and similarly situated employees had to first boot up their computers and open various software programs necessary for handling a call.

17.     Plaintiff and similarly situated employees had to be available to handle call until the end of their scheduled shift time.  After their last call, Plaintiff and similarly situated employees finish the computer work and reporting about their last call and/or close down their various software programs and computer.

18.     Defendant knowingly required and/or permitted Plaintiff and other similarly situated telephone-dedicated employees to perform unpaid work before and after their scheduled shift times. This unpaid work includes but is not limited to booting up computers, initializing several software programs, reading company issued emails and instructions at the beginning of their shifts, and completing customer service calls, securing their workstations, locking their desk drawers, and securing any customer or proprietary information at the end of their shifts.

19.     Prior to starting work on the call center floor, Plaintiff and other similarly situated telephone-based employees were and are interviewed by employees and managers of Defendant.

20.     Defendant had the power to hire and fire Plaintiff and other persons similarly situated.

21.     Defendant regularly scheduled Plaintiff and other persons similarly situated to work 40 hours or more per workweek.

22.     At Defendant's call centers, including the Naperville, Illinois call center where Plaintiff worked, managers Defendant employed were always working on the floor of the call center during the workday, managing the work activities of the Plaintiff and other similarly situated persons.

23.     At its call centers, including the Naperville, Illinois call center where Plaintiff worked, Defendant's managers on the call center floor could and did regularly see with their own eyes that Plaintiff and similarly situated telephone-based employees arrived at their work stations before the start of their scheduled shift time, logged into Defendant's computers, and began working on their computers prior to the start of their scheduled shift time.

24.     Despite seeing and knowing that Plaintiff and similarly situated telephone-based employees performed work at their work stations prior to their scheduled shift time start, Defendant and its managers on the floor of the call center did not make any effort to stop or otherwise disallow this pre-shift work and instead allowed and permitted it to happen.

25.     Defendant does not allow telephone-based employees to use Defendant's phones and computers for any personal use.  Additionally, Defendant generally prohibits and does not allow telephone-based employees to use their own personal cell phones on the call center floor.

26.     Defendant possesses, controls and/or has access to information and electronic data that shows the times Plaintiff and similarly situated telephone-based employees logged into their computers each day and the time they logged into their telephone systems.

27.     By possessing, controlling and/or accessing this information, Defendant knew that Plaintiff and similarly situated telephone-based employees worked prior to the start of their scheduled shift time.

28.     Despite having this information and knowing that Plaintiff and similarly situated telephone-based employees logged into their computers, initialized necessary software programs, and read company issued emails and instructions prior to the start of their scheduled shift time, Defendant did not make any effort to stop or otherwise disallow this pre-shift work and instead allowed and permitted it to happen.

29.     Defendant knowingly required and/or permitted Plaintiff and those similarly situated to them to perform unpaid work before and after the start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, and reading company issued emails and instructions prior to the start of their scheduled shift time, and completing customer service calls, closing down the software programs, and logging off the system after the end of their scheduled shift times.

30.     The amount of uncompensated time Plaintiff and those similarly situated to them spend or have spent on these required and unpaid work activities averages approximately 10 to 15 minutes per day per person.

31.     Defendant monitored and directed the work activities of Plaintiff and other similarly situated persons, including the unpaid work at issue.

**B.      *Defendant Knew of and Assented to the Pre-Shift Work***

32.     Defendant's policy and practice permits and/or requires telephone-based employees to be logged into their phones and the call queue by to the employee's scheduled start time.

33.     In order to be logged into Defendant's telephone systems and call queue, Defendant required and/or permitted Plaintiff and similarly situated telephone-based employees to arrive at their work station prior to their scheduled shift time and boot up computers, initialize several software programs, and read company emails and instructions.

34.     Defendant's policy and practice is to discipline telephone-based employees if they are not logged into their phones and ready to handle calls by the start of their scheduled shift time.

35.     This policy and practice of Defendant results in telephone-based employees,

including the Plaintiff, to boot up their computers, initialize several software programs and/or read company emails and instructions prior to their start of their scheduled shift time.

36.     As set forth herein, via their policies and practices and through their own telephone and computer systems, Defendant knew and was aware that the telephone-based employees performed work prior to the start of their scheduled shift.

37.     Defendant did not instruct Plaintiff and similarly situated telephone-based employees to not log into their computers or telephone, or to not read company emails prior to the start of their scheduled shift time.  Rather, Defendant required, permitted and/or allowed Plaintiff and the putative class members to work prior to their scheduled shift time.

38.     By knowing of, permitting and/or requiring Plaintiff and similarly situated telephone-based employees to log into their computers, initialize their various software programs and/or read company email and instructions prior to the start of their scheduled shift time, Defendant assented to them performing this work.

### C.     Defendant's Failure to Pay Regular and/or Overtime Wages to Its Telephone-Based Hourly Employees

39.     Defendant determined the rate of pay for Plaintiff other similarly situated persons.

40.     Plaintiff and other similarly situated persons submitted their timesheets to Defendant's managers for review prior to receiving their paychecks.  These timesheets were reviewed and approved by employees of Defendant.

41.     Defendant supervised and controlled the work schedule of Plaintiff and other similarly situated persons.

42.     Plaintiff and those employees similarly situated are individuals who were, or are, employed by Defendant in customer service, sales, and similar positions at Defendant's call centers who were not paid for some or all of their work activities prior to the beginning of their

shifts, during meal and rest breaks, or after the end of their shifts.

43.    Plaintiff and the other employees are similarly situated to one another because their duties consisted primarily of providing services related to selling healthcare plans offered by Defendant to its customers while working in Defendant's call centers.   Plaintiff and others similarly situated all shared similar policies, job titles, job descriptions, training, job duties and compensation, among other things.

44.    Plaintiff and the other employees are also similar because Defendant did not pay them for all time they actually worked.   Defendant knowingly required Plaintiff and the similarly situated individuals to perform unpaid work before and after their scheduled shifts, including but not limited to booting-up computers, initializing several software programs, reading company emails and instructions, and completing customer service calls.

45.    The net effect of Defendant's policies and practices, instituted and approved by company managers, is that Defendant willfully failed to pay regular and overtime compensation to Plaintiff and others similarly situated, and willfully failed to keep accurate time records to save payroll costs.   Defendant thus enjoyed ill-gained profits at the expense of its hourly employees.

46.    Plaintiff and others similarly situated at times work or worked in excess of forty hours per week for Defendant in a given workweek.

47.    Defendant's policy and practice of requiring and/or permitting its employees, including Plaintiff and other non-exempt, hourly employees, to perform work without pay for such work performed, violates Section 6 of the FLSA, 29 U.S.C. § 206, Section 4 of the IMWL, 820 ILCS § 105/4, and Section 4 of the IWPCA, 820 ILCS § 115/4.

48.    Defendant's policy and practice of requiring its employees to perform work

without pay in many instances has caused and continues to cause Plaintiff and certain other similarly situated hourly employees to work in excess of forty hours per week, without being properly compensated at a wage of 1.5 times their respective hourly rate for such work performed, as required by Section 7 of the FLSA, 29 U.S.C. § 207, and Section 4a of the IMWL, 820 ILCS § 105/4a.

49.     Defendant's failure to compensate its non-exempt, hourly call center employees with the full amount of the applicable regular wage or overtime wage has caused Plaintiff and other similarly situated non-exempt call center employees to suffer harm.

50.     Defendant's non-exempt, call center hourly employees are entitled to compensation for all time they worked without pay in any given workweek.

   **D.     Defendant's Failure to Pay Agreed-Upon Hourly Rates For Work To Which Defendant Assented**

51.     At all times relevant hereto, Defendant paid, and agreed to pay, Plaintiff and similarly situated employees in Illinois more than the federal and state minimum wage.

52.     For example, at the beginning of her employment, Defendant agreed to pay Plaintiff Williams $17.50 per hour for all work Defendant permitted and/or required of her, which is more than the applicable federal and state minimum wage.  At all times relevant hereto, Defendant agreed to pay Plaintiff and a class of similarly situated Illinois employees more than the state minimum wage for all work permitted and/or required by Defendant.

53.     At all times relevant hereto, Defendant agreed to compensate its hourly employees for all "work" that Defendant required and/or permitted.

54.     Booting up computers, initializing several software programs, reading company email or instructions, and completing customer service calls is "work" for which Plaintiff and similarly situated Illinois employees are entitled to their agreed-upon rate of pay.  Additionally,

working during breaks and completing calls and logging off their phones and computers is "work" for which Plaintiff and similarly situated Illinois employees are entitled to their agreed-upon rate of pay.

55.     Despite their agreement to pay Plaintiff and similarly situated Illinois employees more than the statutory minimum wage for their work, and despite assenting to the work described herein, Defendant did not pay Plaintiff and certain other similarly situated Illinois employees their agreed-upon rate for performing all work permitted, required and/or assented to by Defendant. This work includes the time spent booting up their computers, initializing their software programs for their calls, and reading company email and instructions prior to the start of their scheduled shift time; the time spent completing customer service calls, closing down the software programs, and logging off the system after the end of their scheduled shift times; and the break time spent finishing customer service calls, logging back into the phone system, re-booting their computers and initializing software programs.

56.     Defendant's failure to compensate Plaintiff and other similarly situated Illinois employees at their agreed-upon wage for work they permitted, required and/or assented to has caused Plaintiff and other similarly situated employees to suffer harm.

## COLLECTIVE ACTION ALLEGATIONS

57.     Plaintiff bring Count I of this Complaint as a collective action on behalf of themselves and all other current and former hourly employees of Defendant who Defendant required to perform the work described herein without pay.

58.     Plaintiff' Counsel seek to send notice of this lawsuit to the following described persons:

> All persons who worked for Defendant as telephone-dedicated employees, however titled, and who were compensated, in part or in full, on an hourly basis

throughout the United States at any time between August 21, 2014 and the present who did not receive the full amount of overtime wages earned and owed to them.

59. There are questions of law or fact common to the employees described in paragraph 58.

60. Plaintiff are similarly situated to the employees described in paragraph 58, as Plaintiff' claims are typical of the claims of those persons.

61. Plaintiff' claims or defenses are typical of the claims or defenses of the persons described in paragraph 58.

62. This is not a collusive or friendly action. Plaintiff have retained counsel experienced in complex employment litigation, and Plaintiff and their counsel will fairly and adequately protect the interests of the persons described in paragraph 58.

63. A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

64. At all relevant times, Defendants employed Plaintiff and the persons described in paragraph 58.

## CLASS ACTION ALLEGATIONS

65. Plaintiff bring Counts II and III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all other current and former hourly employees of Defendant who Defendant required to perform the work described herein without pay.

66. With respect to Plaintiff' IMWL claims, Plaintiff seek to represent a class that is comprised of and defined as:

All persons who worked for Defendant as telephone dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis in Illinois at any time between August 21, 2014 and the present who did not receive the full amount of overtime wages earned and owed to them (the "IMWL Class").

67.     With respect to Plaintiff' IWPCA claim, Plaintiff seek to represent a class that is comprised of and defined as:

> All persons who worked for Defendant as telephone dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis in Illinois at any time between August 21, 2007 and the present whose hourly rate exceeded the applicable Illinois minimum wage and who did not receive the full amount of wages earned and owed to them (herein the "IWPCA Class").

68.     This action is being brought as a class action pursuant to Fed. R. Civ. P. 23, because the IMWL Class and IWPCA Class are so numerous that joinder of all class members is impracticable.

69.     Plaintiff and the members of the IMWL and IWPCA Classes have been equally affected by Defendant's practice of not compensating employees for all time worked.

70.     Plaintiff and the members of the IMWL and IWPCA Classes have been equally affected by Defendant's failure to pay all earned wages to Plaintiff and the class members.

71.     Furthermore, members of the IMWL and IWPCA Classes still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

72.     The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist between members of the Classes, if any.

73.     Plaintiff and the members of the IMWL and IWPCA Classes, as well as Defendant, have a commonality of interest in the subject matter and the remedy sought.

74.     Plaintiff are able to fairly and adequately represent and protect the interests of the members of the IMWL and IWPCA Classes.  Plaintiff' Counsel are competent and experienced in litigating large wage and hour and other employment class actions.

75.     If individual actions were required to be brought by each member of the Classes injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the IMWL and IWPCA Classes, to the Court, and to Defendant.  Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

76.     Plaintiff have retained counsel experienced in complex employment litigation and in class action litigation.

77.     Plaintiff and their counsel will fairly and adequately protect the interest of both classes.

<u>**COUNT I – FLSA**</u>
**(Failure to Pay Overtime Wages**)

78.     Plaintiff re-allege and incorporate by reference paragraphs 1 through 77 as paragraph 78 of this Count I.

79.     Plaintiff, individually and on behalf and the members of the class described in paragraph 58, assert claims for unpaid overtime pursuant to the FLSA.

80.     At any and all times relevant hereto, Defendant was an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

81.     At any and all times relevant hereto, Defendant was an "employer" of Plaintiff and the members of the class described in paragraph 58 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

82.     At any and all times relevant hereto, Plaintiff and the members of the class described in paragraph 58 were "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e)

83.     Plaintiff and the members of the class described in paragraph 58 were not paid for

all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

84.     At all times relevant hereto, Defendant's failure to pay Plaintiff and the members of the class described in paragraph 58 premium pay for all time worked over 40 hours in a week was willful in that, among other things:

   a.  Defendant knew that the FLSA required it to pay time and one-half for all time worked over 40 hours in a week;

   b.  Defendant failed to maintain true and accurate time records; and

   c.  Defendant encouraged Plaintiff and the members of the class described in paragraph 58 to not record all time worked.

85.     As a direct and proximate result thereof, Plaintiff and the members of the class described in paragraph 58 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against Defendant and in favor of Plaintiff and all others similarly situated in a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

   d.  Declare and find that the Defendant committed one or more of the following acts:

      i.  Violated provisions of the FLSA for Plaintiff and all persons who opt-in as party Plaintiff; and

      ii. Willfully violated provisions of the FLSA for Plaintiff and all persons who opt-in as party Plaintiff.

   e.  Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

   f.  Award liquidated damages on all wages and overtime compensation due to Plaintiff and all persons who opt-in as party Plaintiff;

g. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

h. Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

i. Grant leave to add additional Plaintiff by motion or any other method approved by the Court to conform with the proofs at trial; and

j. Grant such further relief as the Court deems just and equitable.

## COUNT II – ILLINOIS MINIMUM WAGE LAW
### (Failure to Pay Earned Overtime Wages)

86. Plaintiff hereby re-allege and incorporate by reference paragraphs 1 through 56 and 65 through 77 as paragraph 86 of this Count II, as if fully set forth herein.

87. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

88. The matters set forth in this Count II arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS § 105/4a. Plaintiff brings this action on their own behalf and on behalf of the members of the IMWL Class pursuant to 820 ILCS § 105/12(a).

89. Defendant employed Plaintiff and other similarly situated telephone-dedicated workers as "employees," as the term "employee" is defined Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

90. At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated telephone-dedicated workers, as the term "employer" is defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

91. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff and the members of the IMWL Class worked in excess of forty (40) hours, Plaintiff and members of the IMWL Class were entitled to be compensated at one and one-half times their regular hourly rate of

pay for all time worked in excess of forty (40) hours per week.

92.     Defendant did not pay Plaintiff and members of the IMWL Class one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

93.     Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff and the members of the IMWL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

94.     Pursuant to 820 ILCS § 105/12(a), Plaintiff and the members of the IMWL Class are entitled to recover statutory penalties in the amount of two percent (2%) per month of the amount of underpayments.

        WHEREFORE, Plaintiff and the members of the IMWL Class pray for a judgment against Defendant as follows:

   a.  That the Court determine that this action may be maintained as a class action.

   b.  A judgment in the amount of one and one-half times Plaintiff' and the members of the IMWL Class' regular rate for all time they worked in excess of forty (40) hours per week;

   c.  Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

   d.  Reasonable attorneys' fees and costs incurred in filing this action; and

   e.  Such other and further relief as this Court deems appropriate and just.

## COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### (Failure to Pay the Agreed Upon Rate For Work Assented to by Defendant)

95.     Plaintiff hereby re-allege and incorporate by reference paragraphs 1 through 56 and 65 through 77 as paragraph 95 of this Count III as if fully set forth herein.

96.     Plaintiff, individually and on behalf of all others similarly situated, bring this Count III to recover from Defendant unpaid wages, overtime compensation, statutory penalties,

attorneys' fees, and costs, pursuant to Section 14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14(a).

97.     At all times relevant, and at Defendant's request, Plaintiff and the members of the putative IWPCA Class performed work for Defendant.

98.     As set forth *supra*, Defendant assented to pay Plaintiff and the members of the putative IWPCA Class at an agreed-upon hourly rate at or in excess of the applicable Illinois Minimum Wage Law hourly rate, for all work Defendant permitted and/or required.

99.     As set forth *supra*, Defendant assented to the hourly employees performing the work described above by, among other means, Defendant's knowledge and awareness of the pre- and post-shift work described herein, as well as the work performed during breaks.

100.    Defendant regularly observed, without objection or negative comment, the record and documentation of having Plaintiff and the members of the putative IWPCA Class perform work prior to the start of their scheduled shift time, during breaks, and after the end of their scheduled shift time.

101.    During the course of their employment with Defendant, Plaintiff and similarly situated Illinois employees had an agreement with Defendant within the meaning of the IWPCA to be compensated for all time worked at the rates agreed to by the parties. Defendant did not pay Plaintiff or similarly situated Illinois employees for all hours worked at the rates agreed to by the parties as described herein.

102.    Plaintiff and the putative IWPCA Class members were entitled to be paid for all time worked at the rate agreed to by the parties.

103.    When Defendant hired Plaintiff and the members of the putative IWPCA Class and advised them of the specific hourly rate they would be paid, Defendant did not inform

17

Plaintiff and the members of the putative class that they would not be paid for all the work Defendant required and/or permitted.

104.     Defendant has failed to pay Plaintiff and the members of the putative IWCPA Class the full amount due for all time worked on their regularly scheduled paydays, including but not limited to their final compensation, because Defendant did not pay them for the work described herein, in violation of the IWPCA, 820 ILCS § 115/4.

105.     Defendant has failed to pay Plaintiff and the putative IWPCA Class the full amount for all hours worked because of the improper practices described herein.

106.     Illinois Statutes 820 ILCS §§115/1 *et seq.* defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the two parties…".

107.     Under the IWPCA, payment to separated employees is termed "final compensation" and is defined as "wages, salaries, earned commissions, earned bonuses…and any other compensation owed the employee by the employer pursuant to any employment contract or agreement between the two parties." 820 ILCS § 115/2.

108.     Illinois Statutes 820 ILCS §115/4 requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after the end of the pay period in which such wages were earned. Illinois Statutes 820 ILCS §115/5 provides that "every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly schedule payday for such employee."

109.     Defendant violated Illinois Statutes 820 ILCS §§115/1 *et seq.* by regularly and repeatedly failing to properly compensate Plaintiff and the putative IWPCA Class members for

the actual time they worked each week within 13 days of the date such compensation was earned and by failing to properly compensate Plaintiff and the putative IWPCA Class members their rightful wages by the next scheduled payday after their separation.

110.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the putative IWPCA class have suffered and will continue to suffer lost wages and other damages.

WHEREFORE, Plaintiff and the members of the IWPCA Class pray for a judgment against Defendant as follows:

a.    That the Court determine that this Count III may be maintained as a class action;

b.    A judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

c.    Statutory damages pursuant to the formula set forth in 820 ILCS § 115/14(a);

d.    Reasonable attorneys' fees and costs incurred in filing this action; and

e.    Such other and further relief as this Court deems appropriate and just.

Dated:  August 21, 2017                                 Respectfully submitted,

/s/ James X. Bormes
One of Plaintiff's attorneys

James X. Bormes                              Thomas M. Ryan
Catherine P. Sons                            Law Office of Thomas M. Ryan, P.C.
Law Office of James X. Bormes, P.C.          35 East Wacker Drive
8 South Michigan Avenue                      Suite 650
Suite 2600                                   Chicago, Illinois 60601
Chicago, Illinois 60603                      (312) 726-3400
(312) 201-0575