IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYRRIA WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMERISOURCEBERGEN DRUG CORPORATION, <br><br> Defendant. | Case No. 17-CV-6071 <br><br> Judge Robert W. Gettleman |

**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF THE PARTIES' CLASS AND COLLECTIVE ACTION SETTLEMENT**

Plaintiff, Syrria Williams, individually and on behalf of all others similarly situated, by her attorneys, moves for the entry of an Order granting final approval of the parties' class and collection action settlement. In support thereof, Plaintiff states as follows::

1. On July 24, 2018, the Court granted preliminary approval of the Parties' Collective and Class Action Settlement Agreement. (ECF No. 42).

2. On August 17, 2018, and pursuant to the terms of the Settlement Agreement, the Settlement Administrator issued and mailed notice to the 171 Illinois Employees (i.e., potential Class Members)[1] by the means approved by the Court and agreed to by the Parties in the Settlement Agreement. On October 2, 2018, the Settlement Administrator issued and mailed notice to one additional Illinois Employee who was inadvertently omitted from the original mailing and affirmatively requested inclusion in the Settlement.

---

[1] All capitalized terms used herein correspond with the same terms used in the Parties' Settlement Agreement. *See* ECF No. 39-1.

1

3. The 60-day notice and objection period for the Illinois Employees expired on October 16, 2018.

4. To date, there have been no objections to the Settlement and one Illinois Employee has requested exclusion from it.

5. This Court should now grant final approval of the Settlement.

6. Final approval is appropriate where the court determines that a settlement is fair, adequate, and reasonable. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2005).

7. The Settlement in this case was achieved in good faith and through arms-length negotiations, and is not the product of fraud or collusion.

8. The Settlement offers substantial monetary relief to the Class Members.

9. The Settlement is overwhelmingly supported by Class Members. Only one of the 172 Illinois Employees submitted a request for exclusion, and none objected to the Settlement. These facts show strong support for the Settlement. If the Court grants final approval, the 171 Class Members who are participating in the Settlement will receive their respective portion of the $169,443.50 net fund to be paid them. Additionally, the 170 Nationwide Employees (i.e., those individuals who worked outside Illinois during the recovery period) will be sent a settlement check and will have the option to participate by cashing their settlement check.[2]

10. The Parties have provided the Illinois Employees with adequate notice of the terms

---

[2] As set forth in Plaintiff's Unopposed Motion to Approve Additional Settlement (ECF No. 44), the Parties identified an additional 79 individuals that should have been included in Defendant's production of data to Plaintiff's counsel and the Settlement Administrator, but were inadvertently omitted. *Id.* ¶ 6. The Parties agreed, if the Court grants the Motion, that Defendant will contribute an additional $17,254.66 to the Qualified Settlement Fund established for this Settlement, that additional amount will be used solely for the purpose of funding settlement checks for the 79 individuals, and the 79 individuals will be treated as additional Nationwide Employees, meaning that they will have the option to participate in the settlement by cashing their settlement checks. *Id.* ¶¶ 7-8.

and conditions of the Settlement in a manner intended to maximize their due process rights.

11. Additionally, experienced Class Counsel have extensively analyzed the claims and issues herein, and certify that the Settlement is fair, reasonable, and adequate, and in the best interest of the Class Members. Thus, the Court should grant final approval of the Settlement, find the Settlement fair, reasonable, adequate, and in the best interests of the Class Members, approve Class Counsel's request for an award of attorneys' fees and costs, approve the Service Award to the Class Representative, approve the payment of reasonable settlement administration costs, and enter the Parties' proposed final approval order dismissing this action and barring any further released claims, as the Settlement Agreement defines that term, by class members who worked for Defendants in Illinois and who did not opt-out of the Settlement.

12. As set forth in the accompanying memorandum in support of final approval, the settlement is a fair and reasonable resolution to a *bona fide* dispute.

13. Accordingly, Plaintiffs request that the Court enter the proposed Final Approval and Dismissal Order attached as Exhibit 1 to the memorandum in support of final approval.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant final approve of the collective action settlement and for such other relief as the Honorable Court deems appropriate.

Dated: November 6, 2018                               Respectfully submitted,

                                                                     /s/ Thomas M. Ryan
                                                                     One of Plaintiff's attorneys

| | |
|---|---|
| James X. Bormes | Thomas M. Ryan |
| Catherine P. Sons | Law Office of Thomas M. Ryan, P.C. |
| Law Office of James X. Bormes, P.C. | 35 East Wacker Drive |
| 8 South Michigan Avenue | Suite 650 |
| Suite 2600 | Chicago, Illinois 60601 |
| Chicago, Illinois 60603 | (312) 726-3400 |
| (312) 201-0575 | |

## CERTIFICATE OF SERVICE

I, Thomas M. Ryan, an attorney, hereby certify that on November 6, 2018, a copy of the foregoing **Motion for Final Approval of the Parties' Class and Collective Action Settlement and the Memorandum in Support Thereof** were filed through the Court's CM/ECF electronic filing system, which will transmit notice of such filing to all counsel of record for Defendant:

Sari M. Alamuddin
James P. Looby
Kevin F. Gaffney
Morgan, Lewis, & Bockius, LLP
77W. Wacker Drive, Suite 500
Chicago, Illinois 60654
(312) 324-1000
salamuddin@morganlewis.com
james.looby@morganlewis.com
kgaffney@morganlewis.com

/s/ *Thomas M. Ryan*
Thomas M. Ryan