# **Exhibit 3**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SYRRIA WILLIAMS, individually and on
behalf of all others similarly situated,

        Plaintiff,

    v.

AMERISOURCEBERGEN DRUG
CORPORATION,

        Defendant.

Case No. 17-CV-6071

Judge Robert W. Gettleman

## DECLARATION OF THOMAS M. RYAN IN SUPPORT OF FINAL APPROVAL OF THE PARTIES' CLASS AND COLLECTIVE ACTION SETTLEMENT

Thomas M. Ryan, being first duly sworn on oath, deposes and states under penalty of perjury as follows:

1.      I am a member in good standing of the Illinois State Bar, the principal in Law Office of Thomas M. Ryan, P.C., and one of the Plaintiffs' attorneys in this action.

2.      I make this declaration in support of the Plaintiff's motion for final approval of the parties' class and collective action settlement.

3.      All facts stated herein are true and correct and are within my personal knowledge.

4.      I graduated from the John Marshall Law School in Chicago, Illinois in 2000 and was sworn in as a lawyer in 2000. I received my undergraduate degree from DePauw University in Greencastle, Indiana in 1993.

5.      I am admitted to practice before the following courts: the United States Court of Appeals for the Seventh Circuit, the United States District Court for the Northern District of Illinois and the Illinois Supreme Court.

2

6.      I founded Law Office of Thomas M. Ryan, P.C. in 2007.  My firm's major focus is on representing employees in cases arising under federal and state wage and hour laws, including the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA").

7.      I am an experienced attorney with substantial experience as lead or co-lead counsel in wage and hour class and collective actions.  *See e.g.*, *Kerness v. Wells Fargo*, No. 17 cv 2516 (D. Ariz., J. Humetewa)(pending FLSA collective involving claims of unpaid overtime); *Harris v. Wells Fargo*, No. 17 cv 1146 (D. Ariz., J. Humetewa)(pending FLSA collective action for unpaid overtime); *Whitmore v. Remedy Temp Services, McKesson*, No. 15 cv 2161 (D. Ariz., J. Bolton)(settled FLSA collective action involving unpaid overtime claims); *Hampton v. Centene*, No. 16 cv 4693 (N.D. Ill., J. Blakey)(settled Rule 23 class action and FLSA action where the parties reached a class wide settlement); *Colon v. QBE North America*, No. 16 cv 1900)(D. Az., J. Silver)(pending unpaid overtime collective action brought under the FLSA where tentative settlement has been reached); *Binissia v. ABM Industries*, No. 13 cv 1230 (N.D. Ill., J. Gottschall)(settled nationwide FLSA action where the Court granted preliminary approval of overtime action involving over 6,000 collective members); *Washington v. Cook County*, No. 13 cv 7715 (N.D. Ill., J. Pallmeyer)(settled Rule 23 class action settlement involving unpaid wage claims); *Hernandez v. Sunglass Hut*, No. CIVDS1505181 (Sup. Crt. Ca., J. Foster)(class-wide settlement of unpaid wage claims involving over 8,000 individuals, brought under California law); *Chavez v. Hat World*, No. 13 cv 4858 (N.D. Ill., J. Gottschall)(settled unpaid wage claims involving nationwide collective action and Rule 23 class action); *Hayford v. Magellan Solutions USA*, No. 15 cv 02643-PHX-JJT (D. Az., J. Tuchi)(FLSA collective action settlement involving claims for overtime and workers in over a dozen states); *Nimely v. Randstad*, No. 12 cv 10431

(N.D. Ill., Judge Bucklo)(class-wide settlement of Rule 23 class action and FLSA collective action for unpaid wages); *Shanks v. Children's Place*, No. 11 cv 7156 (N.D. Ill., Judge Gilbert)(nationwide collective and class action settlement of FLSA and IMWL claims for unpaid wages, involving several thousand individuals); *Dumas v. Delta Dental*, No. 15 cv 5258 (N.D. Ill., Judge Wood)(class-wide settlement of unpaid wage claims brought under the IMWL); *Busch v. Convergence Marketing*, No. 14 cv 7929 (N.D. Ill., Judge Der-Yeghiayan)(approving nationwide settlement of unpaid wage claims under the FLSA); *Parker v. Catamaran*, No. 14 cv 5396 (N.D. Ill., Judge Pallmeyer)(approving settlement of unpaid wage claims involving approximately 949 class members); *West v. PSS World Medical, Inc.*, No. 13 cv 574 (E.D. Mo., Judge Perry)(approving nationwide settlement of unpaid wage claims under the FLSA); *Cassidy v. Aldo*, No. 13 cv 4858 (N.D. Ill., Judge Lee)(approving settlement of unpaid wage claims of approximately 1,345 individuals); *Davis v. ABM*, No. 10 cv 5958 (N.D. Ill., Judge Shadur)(approving class-wide settlement for approximately 1,600 security guards under the IMWL and FLSA); *Las v. ABM*, No. 11 cv 5644 (N.D. Ill., Judge Nordberg)(approving settlement involving approximately 11,000 Illinois janitors in unpaid wage case under the IMWL and FLSA); *Wynn v. Express*, No. 11 cv 4588 (N.D. Ill., Judge Holderman)(nationwide settlement of unpaid wage claims brought under the FLSA involving over 100 retail stores operated nationwide by the defendant); *Chambers v. Chase*, No. 11 cv 6014 (N.D. Ill., Judge Feinerman)(wage and hour class-wide settlement involving approximately 3,900 Illinois workers); *Eggins v. Express*, No. 10 CH 38790 (Cir. Crt. of Cook Co., Judge Mason)(claim for unpaid wages involving approximately 19,000 class members settled on class-wide basis); *Khnanisho v. CVS*, No. 10 CH 49900(Cir. Crt. Of Cook Co., Judge Billik)(class settlement of unpaid overtime claims involving security guards at Illinois CVS stores); *Pinela v. HSBC*, 09 CH 16662, Cir. Ct. Cook Co.)(Judge Mary Anne

Mason)(approving multi-million dollar class-wide settlement of approximately 1,600 employees who worked at HSBC's call center); *Jackson v. Plattform Advertising*, No. 10 CV 2604 (U.S.D.C., D. Kan., Judge Robinson)(FLSA collective action and Rule 23 state claims certified and settled on behalf of approx. 650 call center workers who alleged unpaid pre- and post-shift work); *Howard v. Securitas*, No. 08 CV 2746 (N.D. Ill.)(settlement of unpaid wage claims brought certified action under FLSA and IMWL involving 1,215 security guards); *Dunlap v. Universal Security*, No. 10 CH 18197 (Cir. Crt. of Cook Co., Judge Palmer)(class-wide settlement involving approximately 570 security guards who sought relief for unpaid pre- and post-shift work); *Townsel v. Hana Group*, No. 09 CV 6634 (U.S.D.C., Judge Dow)(settled claims under FLSA, IMWL and IWPCA on behalf of approximately 46 security guards who alleged unpaid overtime; claim settled).

8.      On August 21, 2017, the Named Plaintiff filed this Action in the United States District Court for the Northern District of Illinois, Eastern Division, on behalf of herself and others similarly situated, alleging that Defendant failed to pay her and other similarly situated employees in accordance with the Fair Labor Standards Act, 29 U.S.C. 201 *et seq*. (the "FLSA") (Count I), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. (the "IMWL") (Count II), and the Illinois Wage Payment Collection Act, 820 ILCS 115/1 *et seq*. (the "IWPCA") (Count III).

9.      Specifically, the Named Plaintiff alleged that Defendant required or permitted the Named Plaintiff, who worked as a telephone-dedicated employee, and other similarly situated telephone-dedicated employees to perform unpaid work before and after the start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, and reading company issued emails and instructions prior to the start of their scheduled shift time, completing customer service calls, closing down software programs, and logging off the system after the end of their scheduled shift times.

10.     The Named Plaintiff also alleged that Defendant required or permitted the Named Plaintiff and similarly situated employees to perform unpaid work for Defendant on their break periods, including meal breaks.

11.     On October 10, 2017, Defendant filed a motion to dismiss Plaintiff's IWPCA claim (Count III of the Complaint).  The Parties subsequently agreed that Plaintiff would voluntarily withdraw her IWPCA claim without prejudice.  (ECF No. 18).

12.     On October 10, 2017, Defendant filed its Answer to Named Plaintiff's Complaint, denying all material allegations set forth in the Action and asserting numerous affirmative defenses.  Defendant continues to deny any liability or wrongdoing of any kind associated with the claims alleged by the Named Plaintiff in the Action.  Specifically, Defendant denies that its pay practices failed to comply with the FLSA, the IMWL, the IWPCA, or any other federal or state law, or that class and/or collective action treatment of Named Plaintiff's claims would be appropriate absent this settlement.

13.     The Parties actively engaged in extensive formal and informal discovery, and Defendant produced class-wide data and information regarding the claims, including (i) payroll data and information for Named Plaintiff and the putative class members; (ii) the number of workweeks worked by the putative collective and class during the recovery period; (iii) log in and out data and timesheets relating to Named Plaintiff during the duration of her employment; and (iv) Defendant's employee handbooks, operating procedures, and related documents, used during the class period.

14.     In approximately January 2018, the Parties began discussing a resolution of this matter.  In April 2018, the Parties reached an agreement in principle on the terms of a class and collective action settlement to settle the claims alleged in the Complaint as to the Named Plaintiff

and the putative class and collective members. Ultimately, the Parties reached an agreement regarding the parameters of a settlement of this matter.

15.     When the parties began settlement negotiations, the litigation had progressed to a stage where the parties could evaluate the merits of the case, potential damages, and the potential course of future litigation. The Settlement provides significant monetary damages for all eligible class members.

16.     The Settlement reached in this class and collective action constitutes a reasonable compromise of a *bona fide* dispute involving a myriad of vigorously contested legal and factual issues. The release is not a general release and is limited to wage and hour claims class members had against Defendant.

17.     Class Counsel gained a comprehensive knowledge of the facts and legal issues relating to the respective claims and defenses in this matter, and had ample evidence on which to base an informed assessment of the Parties' Settlement. Based on our knowledge of the case and the applicable law, as well as our experience in other wage and hour class action cases, Class Counsel believe the settlement is fair, reasonable, and adequate.

18.     The Class Representative supports the Settlement, as do Class Counsel and Defendant and its counsel. The named Plaintiff made substantial contributions to the prosecution of this case. She provided valuable information to her counsel prior to and during the litigation, responded to written discovery, and was in constant and detailed communication with counsel.

19.     In light of the legal and factual complexities of this case, there is no doubt that this is an excellent result. I believe the settlement is a favorable and reasonable result for the settlement class. The settlement brings substantial value to them, especially when one considers, among other things, the attendant expense, risks, difficulties, delays, and the uncertainty, costs and length of

expert discovery, summary judgment briefing, additional litigation, trial, and post-trial proceedings, as well as any appeals.

20.    In prosecuting this case, Class Counsel have incurred costs of $787.50, which primarily consist of costs for the filing fees and an IT consultant to convert data into searchable format.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this November 6, 2018          /s/ Thomas M. Ryan

                                        Thomas M. Ryan