IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYRRIA WILLIAMS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION,<br><br>    Defendant. | Case No. 17-CV-6071<br><br>Judge Robert W. Gettleman |

**ORDER GRANTING**
**FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

On November 15, 2018, the Court heard a motion for final approval of a settlement of a class and collective action by plaintiff Syrria Williams ("Named Plaintiff" or "Class Representative"), on behalf of herself and all others similarly situated, and Defendant AmerisourceBergen Drug Corporation ("Defendant"). The Court has considered the Joint Motion for Final Approval of Class and Collective Action Settlement and other related materials submitted by the parties, as well as the parties' presentation at the hearing on final approval, and otherwise being fully informed in the premises, hereby finds and orders as follows:

    1.    Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement.

    2.    The Court has jurisdiction over the subject matter of this Litigation pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, including jurisdiction over all members of the Settlement Class certified by order dated July 24, 2018 (Dkt. No. 42), and defined as

> Any and all non-exempt, hourly employees of AmerisourceBergen Drug Corporation in Illinois with a Customer CARE Specialist or Customer CARE Representative position title from November 1,

2014 through March 15, 2018.

3. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this Litigation only. In so finding, the Court does not determine whether the certification of the class would remain proper under the more stringent standard that requires a showing of, *inter alia*, manageability.

4. The Court confirms the appointments of Named Plaintiff Syrria Williams as Class Representative and the Law Office of Thomas M. Ryan, P.C. and the Law Office of James X. Bormes, P.C. as Class Counsel.

5. The Notice Regarding Proposed Settlement of Class Action ("Class Proposed Settlement Notice") and related materials (collectively, "Notice Materials"), sent to the Class members via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice Materials also adequately informed the Class Members of the contact information for the Settlement Administrator and Class Counsel. Thus, the Court finds that the Notice Materials provided to the Class Members satisfied the requirements of Fed. R. Civ. P. Rule 23(e)(1)(B).

6. The Court finds that the settlement memorialized in the Settlement Agreement, and filed with the Court, is fair, reasonable, and adequate, and in the best interests of the Class Members. The Court finds that: (a) the strength of the Class Representative's and Class Members' claims weighed against the defenses of Defendant and the complexity, length and expense of further litigation, support approval of the Settlement; (b) the Maximum Settlement Amount of $300,000.00 as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement

of the Named Plaintiff's individual claims and the claims of the Settlement Class and Settlement Collective; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties; (d) the support for the Settlement expressed by Class Counsel and counsel for Defendant, who have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Class Members supports approval of the Settlement; and (f) the Litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

7. The Court certifies, for settlement purposes only, the following Settlement Collective pursuant to the Settlement Agreement and 29 U.S.C. § 216(b):

> Any and all non-exempt, hourly employees of AmerisourceBergen Drug Corporation with a Customer CARE Specialist or Customer CARE Representative position title from November 1, 2014 through March 15, 2018.

8. The Settlement Administration Costs, as set forth in the Settlement Agreement, estimated to be $9,769 are approved and shall be paid to the Settlement Administrator from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement.

9. The Service Payment, as set forth in the Settlement Agreement, is approved and shall be awarded and paid to Named Plaintiff Syrria Williams from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement.

10. Class Counsel is awarded $112,500.00 for attorneys' fees and $787.50 for costs and will receive such payment from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement.

11. Class Members and Collective Members shall receive their settlement shares according to the allocation formula and procedures set forth in the Settlement Agreement. Any

3

unclaimed funds to Class Members shall escheat to the State of Illinois after the Participation Deadline and any unclaimed funds to Collective Members shall revert to Defendant after the Participation Deadline.

12. The Court orders that any Illinois Employee who did not timely submit an Election to Opt-Out of the Settlement and Class Action Form is bound by the terms of the Settlement Agreement and fully releases and discharges Defendant and the Released Parties from the Released Class Claims, but that such Class Members have not released and discharged Defendant and the Released Parties from the Released Collective Claims unless and until such Class Members negotiate their Settlement Checks. A list of all such Class Members who did not timely submit an Election to Opt-Out of the Settlement and Class Action Form is attached to this Order as Exhibit A.

13. The Court orders that any Nationwide Employee who is not an Illinois Employee and negotiates his or her Settlement Check is bound by the terms of the Settlement Agreement and fully releases and discharges Defendant and the Released Parties from the Released Collective Claims upon such negotiation of his or her Settlement Check.

14. As identified by the Settlement Administrator, the Court finds that one (1) individual has timely requested exclusion from the Settlement Class. These individuals are excluded from the Class previously certified, are not bound by the terms of the Settlement Agreement, do not release Defendant and all other Released Parties from the Released Class Claims, and are not entitled to participate in the monetary portion of the Settlement.

15. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this Litigation shall constitute, be construed to be, or be admissible in this Litigation or any other proceeding as evidence: (a) that any group of similarly

situated or other employees exists to maintain a collective action under the Fair Labor Standards Act, or a class action under Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules, (b) of an adjudication of the merits of this Litigation, (c) of an adjudication of any of the matters subject to the Releases in the Settlement Agreement, (d) that any party has prevailed in this case, or (e) that Defendant or the Released Parties have engaged in any wrongdoing.

16. This Court grants final approval of the Settlement.

17. This matter is dismissed with prejudice, without any cost to any of the parties except as provided in the Settlement Agreement.

18. The Clerk is directed to enter judgment consistent with this Order.

IT IS SO ORDERED.

Dated: November 15, 2018

_____
The Honorable Robert W. Gettleman
United States District Court Judge